UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **ROI BURNS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-10522** |
| **MERCURY INSURANCE GROUP, ET AL** | **SECTION: "H"(5)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 5).  For the following reasons, this Motion is **DENIED**.

## BACKGROUND

Plaintiff Roi Burns alleges that he was injured in an October 5, 2015 car accident when his vehicle was struck by Defendant Douglas Kmiotek.  He filed suit against Kmiotek and his insurer, Defendant Mercury Insurance Group, in Louisiana state court on May 11, 2016.  Defendants removed the matter to this Court on diversity grounds on June 16, 2016.  Plaintiff responded with the instant Motion to Remand.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[3] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[4] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[5]

## LAW AND ANALYSIS

In order for a matter to fall within the Court's diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000.[6] The parties do not appear to dispute that the amount in controversy requirement is met. Likewise, the parties do not appear to dispute that Plaintiff is a citizen of Louisiana and Defendant First Mercury is a citizen of California. The parties do, however, dispute the citizenship of Defendant Kmiotek. Plaintiff avers that Kmiotek is a citizen of Louisiana, rendering the parties nondiverse. Defendants contend that he is a citizen of California.

To be a citizen of a state, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state.[7] It is undisputed that

---

[1] 28 U.S.C. § 1441(a).
[2] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[3] *Id.*
[4] *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)
[5] *Id.*
[6] 28 U.S.C. § 1332.
[7] *Id.* at 248.

Kmiotek is a citizen of the United States; accordingly, the Court may proceed directly to an analysis of whether he is a domiciliary of Louisiana. A change in domicile require both physical presence at a new location and an intention to remain there indefinitely.[8] A person retains his domicile unless a new one is acquired.[9] A court may look to any number of factors to shed light on an individual's intent to establish domicile, including "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."[10]

The only evidence presented by Plaintiff in support of his contention that Kmiotek is a citizen of Louisiana is the New Orleans address he provided for the police report. In response, Kmiotek has presented an uncontroverted affidavit indicating that his presence in Louisiana was temporary while he attended Tulane University. He states that his permanent residence is his family home in California, where he is registered to vote. His car is registered in California, and he holds a California driver's license. In light of this uncontroverted testimony, the Court does not find that Kmiotek intended to establish domicile in Louisiana. Accordingly, Kmiotek is a citizen of California, and the parties are diverse. The Motion to Remand is therefore denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.

---

[8] *Id.*
[9] *Id.*
[10] *Id.* at 251.

New Orleans, Louisiana this 27th day of September, 2016.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**